IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,943






EX PARTE LOUIS DELANO MEANS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Per Curiam.



O P I N I O N



 This is a post-conviction application for a writ of habeas corpus filed pursuant to Article
11.07, V.A.C.C.P. Applicant was convicted of theft and punishment was assessed at fifteen
years imprisonment. No direct appeal was taken from this conviction.

 Applicant contends that the Texas Department of Criminal Justice is not properly
calculating his sentence in this cause because they have failed to give him credit for the time
that he was erroneously released. 

 

 Once a person begins serving a sentence, that person continues serving the sentence,
either in prison, on parole, or on mandatory supervision, until the sentence is discharged. Ex
parte Millard, 48 S.W.3d 190 (Tex. Crim. App. 2001); Ex parte Kuester, 21 S.W.3d 264
(Tex. Crim. App. 2000). However, in instances of erroneous release, an Applicant is not
entitled to flat time credit for time spent out of confinement; rather, the laws pertaining to
parole/ mandatory supervision will apply to the Applicant's sentence for the time he spends out
of confinement. See Ex parte Hale, 117 S.W.3d 866 (Tex. Crim. App. 2003). 

 In the instant case, the trial court found and the record reflects that the Applicant's
parole was revoked on April 26, 1990, while the Applicant was confined in Harris County jail,
and that he was released from confinement on August 28, 1990. Thereafter, Applicant returned
to TDCJ custody from October 25, 1995 to January 12, 1996, and from November 13, 1996,
to January 9, 1998. Further, the record reflects that the Applicant was ultimately arrested
pursuant to the 1990 revocation warrant on February 8, 1999. Accordingly, even though the
Applicant is not entitled to credit for all of the time he was erroneously released from prison,
he is entitled to all the time he spent confined during the erroneous release period, which
constitutes 626 days.

 Relief is granted, in part. In cause number 370813 from the 176th District Court of
Harris County, the Texas Department of Criminal Justice, institutional division is ordered to
adjust Applicant's sentence to reflect credit for the following time periods: April 26, 1990 to
August 28, 1990; October 24, 1995 to January 12, 1996; and November 13, 1996 to January
9, 1998; (or 626 days.) 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
correctional institutions and pardons and paroles divisions.

DELIVERED: May 05, 2004

DO NOT PUBLISH